# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 12-1260


**DIONE W. DAVID**

**VERSUS**

**RICHARD G. DAVID**


**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 113,919
HONORABLE CHARLES L. PORTER, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

## PHYLLIS M. KEATY
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Elizabeth A. Pickett, J. David Painter, and Phyllis M. Keaty, Judges.


**Painter, J., dissents and assigns written reasons.**

**AFFIRMED.**




**Ed W. Bankston**
**Attorney at Law**
**Post Office Box 53485**
**Lafayette, Louisiana  70505**
**(337) 237-4223**
**Counsel for Defendant/Appellant:**
      **Richard G. David**

**Tony Morrow**
**Annik L. Morgan**
**Attorneys at Law**
**323 East University Avenue**
**Lafayette, Louisiana  70503**
**(337) 233-9515**
**Counsel for Plaintiff Appellee:**
       **Dione W. David**

**KEATY, Judge.**

Richard G. David appeals from the trial court's judgment finding him in contempt of court. For the following reasons, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

Richard G. David (Appellant) and Dione W. David (David) were divorced on November 6, 2009. After a trial on the partition of the community property, the trial court issued its judgment on December 12, 2011. Meanwhile, on August 25, 2011, the trial court entered judgment directing the parties as follows:

> A.  The properties located at 110 Glaser Drive, in Lafayette, Louisiana, and 4208 Northside Road, in New Iberia, Louisiana, shall be placed on the market for sale.
>
> The parties shall each submit to the Court, within five (5) days, the names and contact information for three (3) realtors. The Court shall determine to whom the listings will be assigned.

Lori Aucoin (Aucoin), a real estate broker, was nominated by the trial court as the real estate agent for sale of the properties. She contacted David who signed papers authorizing her as agent to sell the properties in accordance with the court order. She then contacted Appellant who failed to sign the papers authorizing Aucoin as agent to sell the properties.

Thereafter, David filed a motion for contempt and reimbursement based upon Appellant's alleged failure to obey the August 25, 2011 court order. After a hearing on David's motion on December 12, 2011, the trial court granted the motion and found that:

> Mr. David is in contempt for failing to reasonably execute the documents that he agreed to, to sell the properties. . . . I do find that he should pay all of the court costs in the petition. I do find that he should pay attorney fees for costs and attorney fees for these proceedings, for the contempt proceedings. Court will set the attorney fees at $1,500.00. Court will sign a Judgment upon presentation.

Judgment was signed on January 18, 2012. Thereafter, the trial court issued an amended judgment dated February 6, 2012, wherein it ordered:

> Richard G. David shall pay to Dione W. David attorney fees in the amount of Fifteen Hundred Dollars and 00/100 ($1,500.00). Richard G. David shall pay this amount to Dione W. David, through her attorney, within 30 days, as set by the Court.

Appellant has paid the $1,500.00 fine for contempt and now appeals the judgment of contempt.

## DISCUSSION

Appellant contends the trial court erred by finding him in contempt. Appellant prays for the contempt charge to be rescinded and for the return of his $1,500.00, plus interest, and for David to be charged with costs of the trial court proceeding, as well as those of the appellate court, and for reasonable attorney fees associated with this appeal.

An appellate court may not set aside a trial court's findings of fact in absence of manifest error or unless it is clearly wrong. *Stobart v. State, Through Dep't of Transp. & Dev.*, 617 So.2d 880 (La.1993); *Rosell v. ESCO*, 549 So.2d 840 (La.1989). "A trial court is vested with great discretion to determine whether a party should be held in contempt for willfully disobeying a trial court judgment." *Barnes v. Barnes*, 07-27, p. 9 (La.App. 3 Cir. 5/2/07), 957 So.2d 251, 257 (citing *Fink v. Bryant*, 01-987 (La. 11/28/01), 801 So.2d 346).

## CONTEMPT OF COURT

Appellant contends the contempt charge is improper as he exercised sound judgment with respect to the properties. Appellant sold the Northside Road property to Louis Pitman (Pitman) without a listing agreement in open court on December 12, 2011. Aucoin refused to list the Glaser Drive property due to water supply problems. Despite the foregoing, the trial court faulted Appellant for

2

failing to sign a listing agreement regarding both properties as ordered on August 25, 2011. Appellant contends his failure is excusable as there was no listing agreement to be signed. Notably, however, Appellant's counsel fails to list any jurisprudential or statutory authority in support of the foregoing argument.

David has filed neither an answer nor an opposition in the present matter. Nevertheless, we find the trial court was not manifestly erroneous in finding Appellant in contempt of court for the following reasons. First, as mentioned above, the August 25, 2011 order directed that both properties be sold pursuant to a listing agreement by a real estate agent. In that regard, the record contains the following testimony of Aucoin:

Q      To this date, Mr. David has never signed the documents?

A      No. I've never seen the documents again.

Q      Okay. After you left them with Mr. David?

A      Correct.

Similarly, Appellant testified as follows:

**BY MR . MORROW:**

Q      Mr. David, did you ever sign the documents that Ms. Aucoin presented to you?

**BY MR. DAVID:**

A      No.

The foregoing testimony shows that Appellant failed to sign a listing agreement as ordered by the court.

Second, Aucoin testified that Appellant advised that he wanted to fix outstanding water issues at the Glaser Drive property prior to listing the property. Aucoin, however, stated that she could have listed the Glaser Drive property

despite the water issues as she would have been required by law to note same on the property disclosure form. Importantly, her testimony indicates:

Q So the property, as I understand what you're telling me, contracts could have been signed by Mr. David in proceeding in accordance with the Court's order.

A Right. You just had to put that, yeah, there's a problem.

The foregoing testimony once again shows that Appellant failed to sign a listing agreement as ordered by the court.

Third, Appellant's argument that the selling of the Northside Road property without a real estate listing contract in open court on December 12, 2011, somehow absolves him of his failure to abide by the August 25, 2011 court order is likewise without merit. Despite the sale in open court, the Northside Road property was sold without a listing agreement in violation of the court's order. Moreover, while Appellant did sell the Northside Road property without a listing agreement, over sixty days had elapsed between the time that David signed the agreement to sell on October 10, 2011, and the December 12, 2011 contempt hearing at which the sale of the Northside property was completed. Additionally, the Glaser Drive property remained unlisted at that same time in further violation of the court order.

For the foregoing reasons, the trial court's judgment is affirmed.

**DECREE**

This trial court's judgment is affirmed. All costs of this appeal are assessed against Richard G. David.

**AFFIRMED.**

4

DIONE W. DAVID

VERSUS

RICHARD G. DAVID

**************************

**PAINTER, Judge, dissenting.**

I respectfully dissent from the majority herein. I would reverse the trial court's ruling with regard to the listing of the Northside Road property. The point of the order to list the property was that the property be sold. This property was, in fact, sold. To find Mr. David in contempt in connection with the failure to list this property is to disregard the purpose of the original order in favor of a hyper-techincal interpretation of the law.